# DISTRICT COURT OF THE VIRGIN ISLANDS

# DIVISION OF ST. CROIX

| | |
|---|---|
| **DUKE EL-MANASARA and FEDWA EL-MANASARA,**<br><br>                    **Plaintiffs,**<br>    v.<br><br>**ESTATE DAVIS BAY, LLC, d/b/a CARAMBOLA BEACH RESORT,**<br><br>                    **Defendant.** | **2005-CV-0098** |

**TO:**   Joel H. Holt, Esq.
         Kevin L. Keller, Esq.

### ORDER STRIKING DEFENDANT'S MOTION TO COMPEL

THIS MATTER came before the Court upon Defendant's Motion to Compel (Docket No. 53). This order is issued without necessity of response.

Although not stated within said motion, Defendant's said motion is ostensibly filed pursuant to Fed. R. Civ. P. 37 for failure to produce documents pursuant to a written request. *See, e.g., Snyder v. Browlow*, No. Civ. A. 93-5238, 1994 WL 273317 at *2 (E.D. Pa. June 20, 1994) (*citing United States v. Tynan*, 776 F.2d 250, 252 (10th Cir. 1985) (where the court grants the plaintiff's motion to compel defendant to sign authorizations and consent to release of records as a request for production of documents under Fed. R. Civ. P. 34).

*El-Manasara v. Estate Davis Bay, LLC*
2005-CV-0098
Order Striking Defendant's Motion to Compel
Page 2

While the amendments to Local Rule of Civil Procedure 37 still are relatively new, all members of the bar are required to know and adhere to the procedures detailed therein. LRCi 37.1 explicitly states, "Prior to the filing of any motion relating to discovery pursuant to Fed. R. Civ. P. 26-37, counsel for the parties shall confer in a good faith effort to eliminate the necessity for hearing the motion or to eliminate as many of the disputes as possible." LRCi 37.1. As the instant motion is brought pursuant to Fed. R. Civ. P. 37 and involves a discovery dispute, it falls within the purview of LRCi 37. Subparagraph 37.2 continues, "If counsel are unable to settle their differences, they shall formulate a written stipulation." LRCi 37.2. Moreover, the "stipulation must be set forth in one document signed by both counsel." LRCi 37.2(a). In the present matter, Defendant filed a bare motion, not a joint stipulation.

Inasmuch as a stipulation was not filed, Local Rule of Civil Procedure 37 allows such an occurrence only when counsel for the moving party establishes that

opposing counsel

(1) failed to confer in a timely manner in accordance with L.R. 37.1;
(2) failed to provide the opposing party's portion of the joint stipulation in a timely manner in accordance with L.R. 37.2(b); or
(3) refused to sign and return the joint stipulation after the opposing party's portion was added.

*El-Manasara v. Estate Davis Bay, LLC*
2005-CV-0098
Order Striking Defendant's Motion to Compel
Page 3

LRCi 37.2(d). Such a declaration from counsel for Defendant is completely absent from the instant motion. LRCi 37.2(d) specifically provides, "The Court will not consider any discovery motion in the absence of a joint stipulation or a declaration from counsel for the moving party establishing" the above-quoted recalcitrance of opposing counsel.

Thus, in the absence of a joint stipulation and a declaration from counsel for Defendant establishing the failure of opposing counsel to meet and confer, timely provide its portion of the joint stipulation, or refusal to sign the joint stipulation, this Court will not consider Defendant's said motion and will strike same.

Accordingly, it is hereby **ORDERED** Defendant's Motion to Compel (Docket No. 53) is **STRICKEN as procedurally deficient**.

ENTER:

Dated: August 24, 2007

/s/
GEORGE W. CANNON, JR.
U.S. MAGISTRATE JUDGE